UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LINK ENGINE TECHNOLOGIES LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**VIMEO, LLC**<br><br>    **Defendant.** | **Lead Case No. 2:16-cv-1070-JRG-RSP** |
| **LINK ENGINE TECHNOLOGIES LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**M. ROBERTS MEDIA,**<br><br>    **Defendant.** | **Member Case No.: 2:16-cv-1076-JRG-RSP** |

## M. ROBERTS MEDIA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

### I. INTRODUCTION

In its Motion to Dismiss Link Engine's claim of contributory infringement (Dkt. No. 13, filed in member case number 2:16-cv-1076), M. Roberts Media ("MRM") made two primary arguments:

1. Link Engine's identification of the Longview News Journal's website as a "material or apparatus" sold and used as part of an infringing process is nonsensical and no other "material or apparatus" was identified in the Complaint as sold by MRM; and

2. Link Engine did not plead any facts from which the Court could deduce that the only material or apparatus purportedly identified—the Longview News Journal's website—is

1

a component especially made or especially adapted for infringement under the '694 Patent, is a material part of the infringement, or that there are no substantial non-infringing uses of the website.

Link Engine's response (Dkt. No. 22) fails to adequately address either of these issues, and its allegations of contributory infringement against MRM should be dismissed.

## II.   LINK ENGINE DOES NOT PROPERLY IDENTIFY ANY "MATERIAL OR APPARATUS"

First, Link Engine's response fails to address how the Longview News Journal's website—the *only* specifically identified accused product or alleged "material or apparatus" in the Complaint—could possibly be a "material or apparatus" sold by MRM for purposes of pleading contributory infringement.  Link Engine makes no argument and cites no cases to suggest that a website—which is not a physical material or apparatus and is not allegedly sold or offered for sale by the defendant—can ever be a material or apparatus sold  for use in practicing a patented process for purposes of alleging contributory infringement under 35 U.S.C. § 271(c). *See In re Bill of Lading Transmission & Processing System Patent Lit.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) ("Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent").

Instead, Link Engine points to the fact that the Complaint identifies the Longview News Journal's website as merely an example of the potential accused products in this case and that the Complaint leaves open the possibility that there could be other, unidentified accused products that may constitute a material or apparatus for purposes of contributory infringement.  *See*

Response at 8.[1] Although it leaves open the possibility that there might be other accused products in this case, the Complaint does not specifically identify any accused products or any material, apparatus, or component part for purposes of contributory infringement other than the Longview News Journal's website. *See* Dkt. No. 1, Complaint at ¶ 31.[2] The fact that the Complaint leaves open the possibility that there might be other, unidentified materials or apparatuses for purposes of contributory infringement that are not specifically identified as the component parts for purposes of in the Complaint clearly falls short of the standard for pleading contributory infringement articulated by Courts in this District.

For example, in *Patent Harbor*, Judge Love made it clear that a plaintiff alleging contributory infringement must "identify the material or apparatus for use in practicing [the] patented process" and then dismissed the allegations of contributory infringement, in part, because the complaint failed to "identify the components used in the infringing method . . ." *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, Cause No. 6:11-cv-229-LED-JDL, 2012 U.S. Dist. LEXIS 114199, at *20 (E.D. Tex. July 27, 2012). Similarly, Judge Gilstrap dismissed a claim of contributory infringement in *Inmotion Imagery* because, in part, "the Complaint [did] not identify the components used in the infringing method . . ." *Inmotion Imagery Techs. v. Brain Damage Films*, Cause No. 2:11-cv-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *9 (E.D. Tex. August 10, 2012).

In addition to pointing to specious, as-yet-unidentified component parts that could potentially constitute the material or apparatus used in the infringing process for purposes of

---

[1] ". . . Link Engine has not restricted its contributory infringement claims against MRM to just its Longview News Journal's website but instead, clearly has identified that use as but one example of the claimed infringing uses." Response at 8.

[2] "Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contributes to infringement, and/or induces infringement of the '694 Patent by making, using, selling and/or offering to sell, and/or causing others to use, methods and systems, **including but not limited to MRM's Longview News Journal's website in which users can upload, share, and view videos (the "Accused Product")**, that infringe one or more claims of the '694 Patent . . ." Complaint at ¶ 31.

contributory infringement, Link Engine also points to paragraphs 32(a) through 32(e) to support its claims for contributory infringement. *See* Response at 8-9. These paragraphs, however, describe the alleged functionality of the only identified "Accused Product"—i.e. the Longview News Journal's website—that Link Engine contends supports infringement. *See* Complaint at ¶ 32 ("By way of example and not as a limitation, Defendant's Accused Product performs each and every element of the '694 Patent's method claim 1 by . . ."). These paragraphs do not identify any alleged component parts sold or offered for sale by MRM that are allegedly used in the infringing method or system. Even when viewed in the light most favorable to Link Engine, paragraphs 32(a) through 32(e) identify a "browser window,"[3] "playlist engine,"[4] "control panel,"[5] "network addresses,"[6] and a "timer"[7] configures in certain ways. These are all alleged functionalities of the website itself, not physical materials, apparatuses, or component parts that are sold and used as part of the infringing system or method. And even if these alleged functionalities of the website could meet the legal definition of a "material or apparatus" for purposes of contributory infringement, there is no allegation in the Compliant—and no basis for an allegation—that MRM separately sells or offers for sale any of these alleged functionalities or "components" of its website. To the contrary, the allegations in these paragraphs are describing *how* the website itself allegedly works, not identifying separately sold component parts to the allegedly infringing website. And even if these were separate "components" to the website, there is no allegation that any of these "components" are sold or offered for sale by MRM. Accordingly, there is no proper identification of the material or apparatus allegedly used to

---

[3] Complaint at ¶ 32(a) ("Having at least one browser window configured . . .")
[4] Complaint at ¶ 32(b) ("Including a playlist engine configured . . .")
[5] Complaint at ¶ 32(c) ("Having a control panel configured . . .")
[6] Complaint at ¶ 32(d) ("Having the network addressed associated with . . .")
[7] Complaint at ¶ 32(e) ("Having a timer configured . . .")

practice an infringing process, and Link Engine's claim for contributory infringement against MRM should be dismissed.

### III. NO FACTS TO SUGGEST THAT ANY COMPONENT IS ESPECIALLY MADE OR ESPECIALLY ADAPTED FOR INFRINGEMENT, IS A MATERIAL PART OF THE INFRINGEMENT, OR THAT THERE ARE NO SUBSTANTIAL NON-INFRINGING USES OF THE COMPONENTS

Even if the Longview News Journal's website or the alleged "components" of that website outlined in paragraphs 32(a) through 32(e) could be considered materials or apparatuses used in an infringing process for purposes of contributory infringement, Link Engine's contributory infringement claim should be dismissed because Link Engine has pled no facts to support its conclusory allegation that those alleged component parts are material to practicing the invention, have no substantial non-infringing uses, or are known to be especially made or especially adapted for use in infringement. *See In re Bill of Landing*, 681 F.3d at 1337 (stating that contributory infringement requires that the material or apparatus "is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent"). To state a claim for contributory infringement, Plaintiff must not only identify the specific material, apparatus, or component part but must also "plead facts that allow an inference that [these] components ... have no substantial non-infringing uses." *Inmotion Imagery*, 2012 U.S. Dist. LEXIS 112630, at *9. Link Engine ignores this requirement completely in its Complaint.

In its response, Link Engine cites this Court's opinion in *Blitzsafe Texas, LLC v. Volkswagen Group of America, Inc.* as support for its argument that the Court can infer, based on the bare-bones allegations of contributory infringement in the Complaint, that the alleged component parts—i.e. the website or the various "components" of the website—are material to practicing the invention, have no substantial non-infringing uses, or are known to be especially

5

made or especially adapted for use in infringement. *See* Repose at 9-10; *Blitzsafe Texas, LLC v. Volkswagen Group of America, Inc.*, Cause No. 2:15-cv-1274-JRG-RSP, Dkt. No. 135 (E.D. Tex. August 19, 2016). However, *Blitzsafe* presented the Court with a very different situation. There, the allegations of infringement involved allegations of infringement against car radios that can interface with MP3 players through USB or Bluetooth. *Id*. at 6. Unlike in the present case, the complaint in *Blitzsafe* specifically identified the interface of the accused car radios as the component part for purposes of contributory infringement. *Id*. at 10. The Compliant described the interface as "a device with the specific capability of allowing a user to control an MP3 player from a car stereo" and alleged that "when the interface executes its described capability, the interface must work as part of the claimed combination." *Id*. Based on these facts, the Court found that "it is plausible to infer that a device with this narrow capability has no other use than to execute its described capability." *Id*. In contrast, the alleged component parts in Link Engine's Complaint do not have such narrow capability.

Even when read in the light most favorable to Link Engine, the alleged component parts in this case are, arguably, a website, a browser window, a playlist engine, a control panel, network addresses, or a timer configured in certain ways. These alleged "component parts" all have well-known uses other than the specific configurations alleged to infringe Link Engine's patent. Accordingly, it is not plausible to deduce from Link Engine's bare bones pleadings of contributory infringement that these alleged component parts have no other non-infringing uses. Clearly, the Longview News Journal's website has numerous non-infringing uses that do not involve the allegedly infringing "playlist engine configured to retrieve successive network addresses from a sequence and display web pages corresponding to the network addresses in a browser window." *See* Complaint at ¶ 24. Similarly, there are numerous non-infringing uses for

a browser window, a playlist engine, a control panel, network addresses, or a timer on the Longview News Journal's website other than the alleged infringing configuration. Under these circumstances, this case more closely resembles the facts in *In re Bill of Landing*, where "the Federal Circuit held a contributory infringement claim was implausible because the complaint alleged that components which were known to have other uses could only be used to scan and transmitting bills-of-landing." *Id*. at 11 (citing *In re Bill of Landing*, 681 F.3d at 1337-38).

Similarly, Link Engine's response points to no facts from which the Court can plausibly deduce that the alleged component parts are "material to practicing the invention" or are "especially made or especially adapted for use" in infringement. Based on these circumstances, Link Engine's claims for contributory infringement against MRM should be dismissed for failure to state a claim.

### IV.  CONCLUSION

Because Plaintiff's Complaint is devoid of facts sufficient to support a claim for contributory infringement, Plaintiff's claims for contributory infringement should be dismissed.

Dated: January 4, 2017

Respectfully submitted,

/s/ Claire Abernathy Henry
Claire Abernathy Henry
State Bar No. 24053063
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: claire@wsfirm.com

**ATTORNEY FOR DEFENDANT M. ROBERTS MEDIA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 4th day of January, 2017.

/s/ Claire Abernathy Henry
Claire Abernathy Henry